# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:09-CR-043-ADA** |
| § | |
| **JOSHUA LEE JOHNSON** § | |
| § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Count 2SS: Conspiracy to Manufacture Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846 {21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)} and Count 6SS: Possession of a Chemical, Product, or Material to Manufacture a Controlled Substance, Namely Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 843(a)(6) & (d)(2). The Defendant was sentenced to two hundred (200) months confinement as to Count 2SS and one hundred twenty (120) months confinement as to Count 6SS to be served concurrently, three (3) years supervised

release as to each Count to be served concurrently, workforce development program participation, fine in the amount of $2,000.00, and a $200.00 special assessment. Defendant was released to supervision on September 8, 2023.

On April 21, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instance:

> **Violation Number 1**: The defendant violated Mandatory Condition Number 2, in that he unlawfully possessed and used a controlled substance, in that on October 3, 2023, Mr. Johnson submitted a urine specimen which tested positive for marijuana.
>
> **Violation Number 2**: The defendant violated Mandatory Condition Number 2, in that he unlawfully possessed and used a controlled substance, in that on December 5, 2023, and February 1, 2024, Mr. Johnson submitted urine specimens which tested positive for marijuana.
>
> **Violation Number 3**: The defendant violated Mandatory Condition Number 2, in that he unlawfully possessed and used a controlled substance, in that on May 14, 2024, Mr. Johnson submitted a urine specimen which tested positive for marijuana.
>
> **Violation Number 4**: The defendant violated Mandatory Condition Number 2, in that he unlawfully possessed and used a controlled substance, in that on January 14, 2025, Mr. Johnson submitted a urine specimen which tested positive for marijuana.
>
> **Violation Number 5:** The defendant violated standard condition number 6, in that he failed to notify the Probation Officer at least ten days prior to any change in residence or employment.
>
> **Violation Number 6:** The defendant violated Mandatory Condition Number 2, in that he unlawfully possessed and used a controlled substance, in that on April 8, 2025, Mr. Johnson submitted a urine specimen which tested positive for marijuana.

On May 13, 2025, the Court held a hearing on the petition. At that hearing, Defendant plead TRUE as to violation numbers 1 through 6. The petition contained a sufficient factual basis to support a plea of TRUE as to all violations.

## II. FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1 through 6.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1 through 6.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the Defendant's pleas of TRUE to violation numbers 1 through 6.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and sentenced to five (5) months imprisonment as to both Count 2SS and Count SS to be served concurrently, with no term of supervised release to follow, and with credit for time already served.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of May, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE